IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN AARON SCOTT MCCONNELL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00061 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DANVILLE CITY JAIL, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff John Aaron Scott McConnell, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Danville City Jail and the Danville Sheriff's Department. I find that neither the Danville City Jail nor the Danville Sheriff's Department is a proper defendant to a § 1983 action. Accordingly, I will dismiss McConnell's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "The Eleventh Amendment limits the Article III jurisdiction of the federal courts to hear cases against States and state officers acting in their official capacities." *Kitchen v. Upshaw*, 286 F.3d 179, 183-84 (4th Cir. 2002). This sovereign immunity "extends also to state agents and state instrumentalities, or stated otherwise, to arms of the State and State officials." *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (citations and quotations omitted).

In Virginia, local jails and a sheriff's departments are arms of the Commonwealth of Virginia and, therefore, are entitled to invoke the defense of immunity from suit pursuant to the Eleventh Amendment. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 892-93 (E.D. Va. 1992) (local jails are arms of the state for Eleventh Amendment purposes and thus not "persons" under § 1983); *Blankenship v. Warren County*, 918 F. Supp. 970, 974 (W.D. Va. 1996),

modified, 931 F. Supp. 447, 449 (W.D. Va. 1996) (sheriff's departments are arms of the state and cannot be held liable for monetary damages under § 1983 because they are entitled to Eleventh Amendment immunity); *see also*; *Davis v. County of Amherst*, Civil No. 6:07cv00017, 2008 U.S. Dist. LEXIS 15853, 2008 WL 591253 at *1 (W.D. Va. Mar. 3, 2008) (A local sheriff's department is considered a part of the State for Eleventh Amendment purposes); *Smith v. Fisher*, Civ. No. 5:01cv26, 2002 U.S. Dist. LEXIS 1938, 2002 WL 192563 at *3 (W.D. Va. Feb. 7, 2002) (In Virginia, a suit against a sheriff in his official capacity or the sheriff's department is a suit against the state.). Because "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983," *Howlett v. Rose*, 496 U.S. 356, 365 (1990), McConnell's complaint against the Danville City Jail and Danville Sherriff's Department must be dismissed.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 22nd day of March, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE